# United States Court of Appeals for the Federal Circuit

---

**DOE NO. 1,**
*Plaintiff-Appellee*

**v.**

**UNITED STATES,**
*Defendant-Appellant*

---

2023-1653

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-01747-SSS, Judge Stephen S. Schwartz.

---

Decided: March 3, 2025

---

DANIEL M. ROSENTHAL, James & Hoffman, P.C., Washington, DC, argued for plaintiff-appellee. Also represented by MICHAEL PAUL ELLEMENT, CHARLOTTE SCHWARTZ; LINDA LIPSETT, Bernstein & Lipsett, P.C., Washington, DC.

REBECCA SARAH KRUSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellant. Also represented by REGINALD THOMAS BLADES, JR., BRIAN M. BOYNTON, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, DYK and CUNNINGHAM,
*Circuit Judges*.

MOORE, *Chief Judge*.

The government appeals an order from the United States Court of Federal Claims denying its motion for summary judgment and holding the United States Office of Personnel Management (OPM) regulation 5 C.F.R. § 551.423(a)(3) invalid. We vacate and remand.

## BACKGROUND

Plaintiff Doe No. 1 is an intelligence analyst with the Federal Bureau of Investigation (FBI). To become an intelligence analyst, Plaintiff was required to complete the FBI Basic Field Training Course (BFTC). The BFTC required Plaintiff to complete in-person training sessions, as well as various tasks and assessments. Some activities were scheduled outside working hours or had to be completed on Plaintiff's own time.

Plaintiff filed a complaint in the Court of Federal Claims, on behalf of Plaintiff and all others similarly situated, alleging that Plaintiff was not compensated for all overtime hours worked during the BFTC. The government moved for summary judgment on the ground that BFTC participants are entry level trainees and therefore ineligible for overtime compensation under OPM regulation 5 C.F.R. § 551.423(a)(3). The Court of Federal Claims concluded 5 C.F.R. § 551.423(a)(3) is invalid and denied the motion. *Doe No. 1 v. United States*, 161 Fed. Cl. 192, 200 (2022) (*Decision*). The Court of Federal Claims certified for interlocutory appeal the validity of 5 C.F.R. § 551.423(a)(3). We have jurisdiction under 28 U.S.C. § 1292(d)(2).

## DISCUSSION

This case presents issues of statutory and regulatory interpretation, which are questions of law we review de

novo. *Johnson v. United States*, 75 F.4th 1354, 1360 (Fed. Cir. 2023).

The Fair Labor Standards Act (FLSA or the Act), first enacted in 1938, requires an employer, *inter alia*, to compensate employees at one and one-half times the regular pay rate for work performed in excess of forty hours per week. 29 U.S.C. § 207(a)(1). The Department of Labor (DOL) administers the FLSA as to non-federal employees through regulations promulgated under the Act. 29 U.S.C. § 204(a). Prior to 1974, the FLSA did not apply to federal employees, for whom overtime entitlements were governed by civil service statutes. In 1974, Congress amended the FLSA to apply to federal employees. Pub. L. No. 93–259, 88 Stat. 55 (1974) (codified in pertinent part at 29 U.S.C. § 203(e)(2)(A)). Congress delegated to the Civil Service Commission (now OPM) the authority to administer the Act with respect to federal employees. 29 U.S.C. § 204(f). DOL continues to administer the FLSA with respect to private, State, and local government employees and employers. *See* 29 U.S.C. § 204(a).

We have previously addressed the validity of OPM regulations that depart from DOL regulations in administration of the FLSA. *Billings v. United States*, 322 F.3d 1328 (Fed. Cir. 2003). In *Billings*, we considered OPM and DOL regulations that contained different definitions of an "executive" employee. *Id.* at 1330–31 (citing 5 C.F.R. § 551.204 (1997) and 29 C.F.R. pt. 541 (1997)). We held OPM's regulation was valid because (1) the OPM definition of an "executive" employee was a reasonable interpretation of the FLSA, and (2) "the variance in OPM's regulation [was] no more than needed to accommodate the difference between private and public sector employment." *Id.* at 1334.

Relevant to this case, the FLSA overtime compensation requirement applies not only to work directed by the employer, but also to work the employer "suffer[s] or permit[s]." 29 U.S.C. § 203(g). This provision does not apply

to all work performed in excess of forty hours per week. OPM and DOL have enacted regulations delineating exceptions to the general overtime compensation requirement.

Under OPM regulations, "hours of work" does not include "[t]ime spent in apprenticeship or other entry level training, or internship or other career related work study training . . . outside regular working hours . . . provided no productive work is performed during such periods," subject to exceptions not present here. 5 C.F.R. § 551.423(a)(3). This provision bars overtime compensation for entry level training hours unless specific criteria are met. OPM's exception to the FLSA overtime compensation requirement applies only to federal employees.

DOL regulations do not contain an identical exception for entry level training. Under DOL regulations, "hours of work" does not include certain "bona fide apprenticeship programs." 29 C.F.R. § 785.32. DOL broadly allows compensation for "lectures, meetings, training programs and similar activities" unless certain conditions are met. 29 C.F.R. § 785.27. Entry level training is not categorically excluded from overtime compensation under DOL regulations.

The issue in this case is whether Plaintiff is entitled to overtime pay for hours worked during the BFTC. The government argued before the Court of Federal Claims that Plaintiff is not eligible for such compensation because OPM regulation 5 C.F.R. § 551.423(a)(3) bars overtime pay for entry level training, including the BFTC.

The Court of Federal Claims held 5 C.F.R. § 551.423(a)(3) is invalid. *Decision* at 197–200. Under *Billings*, the court reasoned OPM regulations must generally conform to DOL regulations in administration of the FLSA. Specifically, the court held "[w]hen OPM's regulations are inconsistent with DOL's, a court must 'determine whether the OPM interpretation of the statute is reasonable, as well as whether any difference between OPM's

interpretation and the [DOL] standard is required to effectuate the consistency of application of the provision to both federal and non-federal employees.'" *Id.* at 197 (quoting *Billings*, 322 F.3d at 1334). Regarding the OPM regulation at issue here, 5 C.F.R. § 551.423(a)(3), the court held OPM's interpretation of the FLSA "could be reasonable, at least in the abstract." *Id.* at 198. The court concluded, however, that the government failed to provide sufficient justification for OPM's categorical rule against overtime compensation for entry level training, which does not exist under DOL regulations. The court held OPM regulation 5 C.F.R. § 551.423(a)(3) is invalid under *Billings* and cannot bar overtime compensation for hours Plaintiff worked during the BFTC. The government appeals the validity of 5 C.F.R. § 551.423(a)(3).

The government makes two arguments on appeal as to why the OPM regulation, 5 C.F.R. § 551.423(a)(3), is valid. Appellant's Opening Br. 8–16. First, the government argues it is not clear that *Billings* applies to this case. The DOL regulations at issue in *Billings* were legislative rules promulgated by notice-and-comment rulemaking procedure. Here, in contrast, the DOL regulations are interpretive statements of policy, which were not the product of notice-and-comment rulemaking. 29 C.F.R. § 785.2 ("The regulations in this part . . . . provide a 'practical guide for employers and employees as to how the office representing the public interest in its enforcement will seek to apply it.'" (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 138 (1944))); *see* 5 U.S.C. § 553(b)(A) (notice-and-comment procedure "does not apply" "to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice"). The government argues *Billings* therefore does not clearly apply. Second, the government argues even if *Billings* does apply, it does not invalidate 5 C.F.R. § 551.423(a)(3) because any differences between the OPM and DOL regulations at issue are justified. We agree with the government on both counts.

*Billings* does not apply in this case because the DOL regulations at issue are interpretive rather than legislative. Legislative rules are promulgated according to the notice-and-comment rulemaking procedure prescribed by the Administrative Procedure Act (APA). 5 U.S.C. § 553. Rules issued through the notice-and-comment process are referred to as "legislative rules" because they have the force and effect of law. *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 96 (2015). Not all regulations are required to issue through the notice-and-comment process. The notice-and-comment requirement does not apply to "interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice." 5 U.S.C. § 553(b)(A). "The absence of a notice-and-comment obligation makes the process of issuing interpretive rules comparatively easier for agencies than issuing legislative rules. But that convenience comes at a price: Interpretive rules 'do not have the force and effect of law and are not accorded that weight in the adjudicatory process.'" *Perez*, 575 U.S. at 97 (quoting *Shalala v. Guernsey Mem'l Hosp.*, 514 U.S. 87, 99 (1995)).

The OPM regulation at issue here, 5 C.F.R. § 551.423(a)(3), is a legislative rule promulgated through the notice-and-comment rulemaking procedure. *See* 45 Fed. Reg. 85659–65 (1980) (Final Rule). In contrast, the DOL regulations at issue are interpretive rules that serve to "inform the public" on how DOL will apply the FLSA. 29 C.F.R. § 785.2. Our analysis in *Billings* considered the validity of an OPM legislative rule in light of a conflicting DOL legislative rule. Both regulations in *Billings* thus had the force and effect of law. We see no reason to extend *Billings* to allow interpretive statements of DOL policy to invalidate an OPM regulation issued pursuant to notice-and-comment rulemaking procedures.

Moreover, importantly, *Billings* does not require identicality between OPM and DOL regulations. *Billings*, 322 F.3d at 1334 (upholding the validity of an OPM regulation where departure from DOL regulation was "needed to

accommodate the difference between private and public sector employment"). Nor would such a requirement be consistent with the statute. Congress gave OPM authority to administer the FLSA with respect to federal employees but retained DOL's authority to administer the FLSA with respect to non-federal employees. 29 U.S.C. § 204(a), (f). This division of authority between different agencies contemplates that the FLSA may be administered differently for federal and non-federal employees. The statute broadly grants OPM rulemaking authority that is neither subject to nor limited by DOL regulations. 29 U.S.C. § 204(f). OPM regulations are valid if they are consistent with the FLSA and implement a legitimate policy choice. *Billings* requires nothing more.

Here, the OPM regulation implements a legitimate policy choice. Differences between the OPM regulation, 5 C.F.R. § 551.423(a)(3), and corresponding DOL regulations, 29 C.F.R. §§ 785.27, 785.32, are justified by OPM's need to regulate against statutes that apply only to federal employees. Specifically, the Government Employees Training Act (GETA), codified sixteen years before the FLSA was extended to cover federal employees, generally does not allow federal employees to receive premium pay, including overtime pay, for time spent in training. 5 U.S.C. § 4109(a)(1) ("The head of an agency . . . may pay all or a part of the pay (except overtime, holiday, or night differential pay) of an employee of the agency selected and assigned for training under this chapter, for the period of training . . . .").

OPM is responsible for administering both the FLSA and GETA. 5 U.S.C. § 4118; 29 U.S.C. § 204(f). That is, OPM regulations pursuant to the FLSA must also be consistent with GETA and other statutes specific to federal employees. *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 86 (1997) ("A regulation cannot stand if it is arbitrary, capricious, or manifestly contrary to the statute."). GETA's        general        prohibition        against        overtime

compensation for training applies only to federal employees, 5 U.S.C. § 4109, and has no private sector counterpart. DOL therefore does not need to ensure that its FLSA regulations comply with the same sources of statutory authority regarding training compensability.

The OPM regulation, which allows overtime pay for training in certain circumstances, is an exception to GETA's general rule against such premium pay. *See* 5 C.F.R. § 551.423(a). OPM's decision to narrow this exception by separately defining "hours of work" for entry level training is a legitimate policy choice in light of its duty to regulate in a manner consistent with both GETA and the FLSA. "Because of the peculiar nature of the statutory framework surrounding federal employment, it is reasonable for OPM's regulation to vary from the [DOL] standard." *Billings*, 322 F.3d at 1334. The Court of Federal Claims erred in holding differences between OPM regulation 5 C.F.R. § 551.423(a)(3) and corresponding DOL regulations were not justified.

OPM regulations pursuant to the FLSA are valid if they are consistent with the statute and, to the extent they differ from DOL regulations, any differences are justified by legitimate reasons.[1] For the foregoing reasons, the Court of Federal Claims erred in holding the OPM regulation is invalid. We vacate the Court of Federal Claims'

---

[1] Our analysis in *Billings* incorporated *Chevron* deference, which has since been overruled. *Billings*, 322 F.3d at 1333 (citing *Chevron, U.S.A. Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 848 (1984)); *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024). Under *Loper Bright*, OPM regulations implementing the FLSA must be consistent with the statute. *Loper Bright*, 603 U.S. at 412 ("Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires.").

holding that OPM regulation 5 C.F.R. § 551.423(a)(3) is invalid and remand to determine whether the OPM regulation is consistent with the FLSA.

### CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive. We vacate and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED**

### COSTS

No costs.